**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| H3W LLC d/b/a "HewMoran", a New York limited liability company; Matthew Moran, an individual<br><br>Plaintiffs,<br><br>v.<br><br>ABI GLOBAL LTD., a Vietnam limited company; and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-08913<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br><br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>3. **VIOLATIONS OF THE DMCA: 17 U.S.C. § 1202**<br><br>4. **VIOLATION OF NEW YORK CIVIL RIGHTS LAW §§ 50 AND 51**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiffs, H3W LLC d/b/a "HewMoran" and Matthew Moran, also known as Hew Moran, (collectively, "H3W"), by and through their undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, including harm to Matthew Moran for violation of his right to privacy as a resident of Suffolk County, New York.

## PARTIES

4. H3W LLC is a New York limited liability company based in New York County, New York.

5. Matthew Moran is an individual residing in Suffolk County, New York.

6. H3W is informed and believes and thereon alleges that Defendant, ABI GLOBAL LTD., ("ABI") is a Vietnam limited company doing business in and with this District including by advertising and selling its products online directly to customers in New York.

7. Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of H3W's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to H3W who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. H3W is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or

subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of H3W's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT VIDEO

9. H3W LLC is a content creation company based in Long Island, New York with over 5.8 million subscribers to its YouTube channel, "HewMoran." Its operation extends beyond YouTube, where it has hundreds of thousands of followers on TikTok and an Instagram account with over 124,000 followers.

10. H3W LLC created and owns the original comedic video "Fortnite Skibidi Toilet" at issue in this case (the "Subject Video"), which depicts Matthew "Hew" Moran—H3W LLC's principal—enacting an original comedy sketch in parody and commentary on the "Skibidi Toilet" internet meme, along with notable editing, computer generated graphics, and visual effects. The Subject Video is available on H3W's YouTube channel at the following URL: https://www.youtube.com/shorts/objCYy3YNsM. True and correct screen captures of the Subject Video are depicted below:

| Subject Video Screen Captures |
|---|
|  |



4

11. H3W is the sole and exclusive owner of all rights in and to the Subject Video.

12. H3W has registered the Subject Video with the United States Copyright Office and did so within three months of the Subject Video's first publication.

13. Prior to the acts complained of herein, H3W widely publicly displayed the Subject Video, including by posting same to its YouTube channel, "Hew Moran," on May 21, 2023, where it has to date received more than 20 million views.

14. Prior to the acts complained of herein, H3W routinely published and displayed the Subject Video with identifying information including its YouTube channel name, identifying tag, the title of the work, and H3W's channel logo which identify H3W as the author and owner of the Subject Video. True and correct exemplars of the Subject Video being displayed with said identifying information are depicted below:



**Subject Video with Identifying Information**



15. On information and belief, H3W alleges that ABI is a mobile game development company which produces video games for mobile phone platforms and owns and operates numerous platforms and social media pages to advertise its products. ABI has released more than 150 video games, which have been downloaded more than 2 billion times and are played by approximately 10 million people each day.

16. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Video for financial benefit and without H3W's consent in advertisements ("Infringing Videos") created to promote its video games titled "Toiletman: Horror Escape" and "Skibidi War Cube Merge" ("Defendant Games"). The Infringing Videos are primarily comprised of exact reproductions of portions of the Subject Video, followed by transitions to footage of the Defendant Games and promotions for same which make it appear as though the Subject Video and H3W are associated with and/or endorsing ABI and the Defendant Games. True and correct screen captures of the Infringing Content are depicted below:

///

///

| Infringing Context Screen Captures |
|---|







17. On information and belief, ABI knowingly and intentionally removed H3W's identifying information from the Subject Video before incorporating same into the Defendant Videos and distributing same to the public for commercial benefit, as shown above.

18. On information and belief, ABI displayed the Subject Videos alongside its own name, logo, and the names and logos of its Defendant Games knowing that they did not create or own the Subject Videos.

19. On information and belief, one of the Defendant Games, "Toiletman: Horror Escape," has been downloaded by customers more than 500,000 times.

20. On information and belief, Defendants marketed and sold their games, including the game seen in the Infringing Videos, to U.S. citizens, including those in New York, and states on its official website that ABI Games Studio its games have been ranked number one in the United States, and that ABI has repeatedly partnered with United States based companies such as Google.

21. On information and belief, Defendants targeted U.S. consumers, including consumers, in New York, with the Infringing Videos.

22. On information and belief, Defendants uploaded their games and the Infringing Videos to U.S.-based platforms and marketed and sold said games through those platforms.

23. At no point did H3W authorize or otherwise give consent to ABI to exploit the Subject Videos as seen in the Infringing Videos.

24. At no point has H3W sought to associate itself with ABI or endorse ABI's products.

25. On September 25, 2023, H3W sent a letter to ABI, demanding that ABI cease and desist all infringing use of the Subject Video seeking to resolve this matter. ABI has failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement - Against All Defendants, and Each)**

26. H3W LLC repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

27. H3W LLC alleges on information and belief that Defendants, and each of them, accessed the Subject Video, by without limitation, viewing the Subject Video on H3W's YouTube channel, or on other sites online. Access is further evidenced by the exact reproduction of considerable portions of the Subject Video in each of the Infringing Videos.

28. H3W LLC alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Video for commercial benefit, including by unlawfully incorporating the Subject Video into advertisements for ABI's games as seen in the Infringing Videos.

29. H3W LLC alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Video and publishing same to the public.

30. Due to Defendants', and each of their, acts of infringement, H3W LLC has suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of H3W LLC's rights in the Subject Video. As such, H3W is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of H3W LLC's rights, including profits received from the sale of the Defendant Games in the Subject Video in an amount to be established at trial.

32. H3W LLC alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

33. H3W LLC repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

34. Upon information and belief, H3W LLC alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Videos as alleged hereinabove. Such conduct included, without limitation,

publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Videos on affiliate, third-party, and social media sites; and distributing the Infringing Videos to third-parties for further publication.

35. H3W LLC is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Infringing Videos .

36. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, H3W LLC has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

37. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of H3W LLC's rights in the Subject Video. As such, H3W LLC is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Video, in an amount to be established at trial.

38. H3W LLC is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, H3W LLC will make its election between actual damages and statutory damages

### THIRD CLAIM FOR RELIEF

**(Violation of 17 U.S.C. § 1202 - Against All Defendants, and Each)**

39. H3W LLC repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

40. H3W LLC has incorporated copyright management information ("CMI"), in the form of its YouTube channel name, identifying tag, logo, and the title of the Subject Video with displays of the Subject Video, which information identifies H3W LLC as the owner and author of the Subject Video.

41. On information and belief, H3W LLC alleges that one or more of the Defendants removed H3W LLC's CMI from the Subject Video before distributing and displaying it to the public in the form of the Infringing Videos, in violation of 17 U.S.C. § 1202(b).

42. On information and belief H3W LLC alleges that one or more of the Defendants included false CMI when they published and distributed the Subject Video to the public in violation of 17 U.S.C. § 1202(1), including without limitation in the form of ABI's name, logo, and the name and logo of ABI's Defendant Games.

43. On information and belief, H3W LLC alleges that Defendants acted knowingly and intentionally in regard to the above and with an intent to induce, enable, facilitate, conceal, and further infringement by Defendants and others.

44. As a result of the above, Defendants are liable for statutory damages and attorneys' fees as set forth in 17 U.S.C. § 1203.

## FOURTH CLAIM FOR RELIEF

### (For Violation of New York Civil Rights Law §§ 50 and 51 against ABI)

45. Hew Moran repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

46. Upon information and belief, Hew Moran alleges that ABI knowingly used his picture, image, and likeness for the purposes of advertising and marketing their products, including the Defendant Games, and otherwise obtaining commercial gain in the state of New York and beyond, including without limitation through the Infringing Videos, in violation of New York Civil Rights Law §§ 50 and 51, ABI's, unlawful uses of Hew Moran's picture, image, and likeness resulted in injuries to Hew Moran as a resident of Suffolk County, New York.

47. On information and belief, ABI exploited for advertising purposes, or for the purposes of trade, the name, portrait and picture of Hew Moran without having first obtained his written consent for such use, in violation of New York Civil Rights Law §§ 50 and 51.

48. The above referenced violations of New York Civil Rights Law §§ 50 and 51 and injuries to Hew Moran subject ABI to statutory damages and penalties, including punitive damages, in amounts to be determined at trail.

49. Upon information and belief, Hew Moran alleges that ABI's conduct as alleged herein was willful, reckless, and/or with knowledge that such uses of Hew Moran's picture, image, and likeness were forbidden or unlawful as ABI was aware that it had no agreement or relationship with Hew Moran before exploiting his image and likeness in advertisements for its Defendant Games. Consequently, Hew Moran is entitled to exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

**Against all Defendants, and Each:**

<u>With Respect to Each Claim for Relief:</u>

    a.    That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing H3W LLC's copyright in the Subject Video, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Video from their respective websites, marketing and advertisement materials;

    b.    That H3W LLC be awarded all profits of Defendants, and each of them, plus all losses of H3W, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the Copyright Act, and other applicable law;

    c.    That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of H3W LLC's intellectual property rights;

    d.    That Defendants, and each of them, be enjoined from using or displaying Hew Moran's picture, image, or likeness in any manner;

    e.    That Hew Moran be awarded all profits of Defendants, and each of them, plus all loses of Hew Moran, plus punitive damages if found applicable, and all costs and attorneys' fees, the exact sums to be proven at trial, as available under N.Y. Civil Rights Law § 51.

    f.    That Hew Moran be awarded exemplary damages to the extent available under N.Y. Civ. Rights Law § 51.

    g.    That H3W LLC be awarded its attorneys' fees as available under the Copyright Act;

    h.    That H3W be awarded their costs and fees under the statutes set forth above;

      i.      That H3W be awarded statutory damages and/or penalties under the statutes set forth above;

      j.      That H3W be awarded pre-judgment interest as allowed by law;

      k.      That H3W be awarded the costs of this action; and

      l.      That H3W be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury in this action of all issues so triable.

Dated:    New York, New York                                  Respectfully Submitted,
              December 4, 2023

                                                                   DONIGER / BURROUGHS

                                                                   By:   /s/ *David Michael Stuart Jenkins*
                                                                          David Michael Stuart Jenkins, Esq.
                                                                           Scott Alan Burroughs, Esq.
                                                                           247 Water Street, First Floor
                                                                           New York, New York 10038
                                                                           (310) 590-1820
                                                                           djenkins@donigerlawfirm.com
                                                                           scott@donigerlawfirm.com
                                                                           *Attorneys for Plaintiffs*